## WEST COAST–MANCHESTER MILLS, Inc., v. HARTLEY'S, Inc.

### No. 236-M.

District Court, S. D. Florida, Miami Division.

Jan. 22, 1941.

James Henry Willock, of Miami, Fla., and Albert J. Fihe, of Chicago, Ill., for plaintiff.

Shutts, Bowen, Simmons, Prevatt & Julian and Morris Salomon, all of Miami, Fla., for defendant.

HOLLAND, District Judge.

There came on for hearing before me a motion to dismiss the complaint. The plaintiff charges in its complaint three matters as follows:

1. Infringement of plaintiff's registered trade-mark.

2. Infringement of plaintiff's common-law right to trade-mark.

3. Unfair competition with plaintiff. The jurisdiction of the court, the complaint alleges, is founded upon the alleged infringement of the registered trade-mark, and diversity of citizenship.

The defendant filed its motion to dismiss, contending that the federal court is without jurisdiction of the matter, so far as the alleged infringement of the registered trade-mark is concerned, in that it does not appear from the complaint that the defendant either sold or offered to sell any garments under the trade-mark "Matletex" in commerce among the several States, or with a foreign Nation, or with the Indian tribes.

The suit is for injunction and an accounting for profits, and damages, and costs. Plaintiff alleges the use of the trade-mark to it issued on described wearing apparel merchandise in interstate commerce continually since March 30, 1937. Further it is alleged that the word "Matletex", the trade-mark, has come to mean throughout the United States, including the State of Florida, and the City of Miami, plaintiff's product only. The complaint does not allege that the plaintiff has sold its product in interstate commerce into the State of Florida. Neither does it allege that the defendant is engaged in interstate commerce in the activities of which complaint is made.

It may well be that Section 99 of 15 U.S.C.A. (see also the jurisdiction Section No. 97) would justify jurisdiction for injunctive relief if the plaintiff has engaged in interstate commerce in its mark in Florida, even though the defendant's activities were solely intrastate, such relief being limited to injunction as stated, and without assessing damages, there being in the first place absent any interstate sales, and in the next place where the alleged offense was merely an advertisement, with no affixing of any spurious mark on the article sold, or the container. This complaint, however, does not make out such a case.

The jurisdiction based on diversity and amount involved is not justified. The diversity is well pleaded, but with no interstate sales by defendant, and no alleged affixing of any spurious mark, the sole offense being advertising, there is no basis laid for the existence of the jurisdictional amount.

The motion to dismiss is granted, with fifteen (15) days allowed the plaintiff within which to amend, if so advised.